REED *v.* POLLARD.

4-3771

Opinion delivered March 11, 1935.

*Alfred Featherston* and *O. A. Featherston,* for appellant.

*Tom Kidd,* for appellee.

McHANEY, J. The appellees, Pollard and wife, on the 29th day of April, 1919, executed and delivered to the appellant their promissory note for the sum of $407.25, with interest at eight per cent. per annum from date until paid, and due three years after date. They also executed and delivered to him a mortgage to secure the payment of said note, bearing the same date, which was recorded May 16, 1919. The mortgage covered thirty-nine acres of land. The Pollards made payments on said note at different times, the last payment being made in September, 1930. None of these payments were indorsed on the margin of the record.

On July 1, 1932, Pollard and wife obtained a loan from the appellee, Bank of Delight, in the sum of $458.25, due December 30, 1932, and they also executed and delivered to said bank a mortgage on the same property as in

the mortgage to appellant. The bank also required personal indorsements on the Pollard note, and he procured the other appellees to indorse his note. There is some evidence that this mortgage to the bank was a renewal of a prior mortgage which recited that it was subject to the mortgage of appellant. There is no such clause in the mortgage now under consideration. It appears that appellant left his note and mortgage at the bank for collection or with Mr. C. A. Kizzia, who was at that time the active managing officer of the bank, but who ceased to be such in November, 1930.

Appellant brought this action to foreclose his mortgage and to secure judgment against the Pollards for the balance due thereon, in which the Bank of Delight was made a party. After this suit was brought, the bank called upon the indorsers to pay said note, which they did, and the bank assigned both the note and the mortgage to them without recourse. They thereupon intervened in this action in which they set up their rights in and title to the note and mortgage assigned to them by the bank, and prayed judgment for the amount of the note against the Pollards and for foreclosure of the mortgage, and that it be declared a prior and paramount lien on said land. The bank was made a party by appellant, who charged that it, with full knowledge of appellant's mortgage and while acting as collecting agent for him, procured the mortgage to itself in fraud of his rights; that it was the bank's duty, acting as his agent, to make the marginal entries of payments on the mortgage record, which duty of making such entries had been intrusted to and assumed by said bank. Issue was joined, and, after hearing the testimony, the court found that, because appellant had failed to indorse the payments made on his note on the margin of the record where his mortgage is recorded, it became barred as to third parties five years after the due date of the note, on April 29, 1927. Judgment was entered in his favor against the Pollards for the balance due on the note. The court further found that the interveners were entitled to a judgment for the amount of the note and interest assigned to them by the bank and decreed a foreclosure of their mortgage, making it prior and para-

mount to the mortgage of appellant Reed, whose mortgage was held to be a second lien on said land. From this decree appellant prosecutes this appeal.

We are of the opinion that the court correctly determined the rights of the parties. Assuming without deciding that the Bank of Delight was appellant's agent for the collection of the Pollard debt, it was a mere passive agent and acted without compensation. It received such payments as Pollard made and credited same to appellant's account. No instruction, either written or oral, was ever given the bank by appellant to indorse such payments on the margin of the record, and it had no power or authority to do so. Section 7382 of Crawford & Moses' Digest provides that no agreement for the extension of the date of maturity of the whole or any part of any debt or note secured by mortgage shall, as to third parties, operate to revive said debt or extend the operation of the statute of limitations unless a memorandum thereof is indorsed on the margin of the record where such instrument is recorded, which shall be attested and dated by the clerk. Section 7408 provides that in suits to foreclose a good defense to the suit is that it was not brought within the period of limitation provided by law. "Provided, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debts or to extend the operations of the statute of limitation, with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk." It is contended that the bank, merely because it held appellant's note and mortgage and received payments thereon, should have indorsed such payments on the margin of the record of such mortgage so as to keep the same alive. But the bank was neither the "mortgagee, trustee or beneficiary" in appellant's mortgage, and consequently had no right or authority to indorse such payments on the margin of the

record. No authority was ever conferred upon the bank by appellant to make such indorsements.

It is furthermore contended that the bank was estopped from taking a mortgage on the lands covered by appellant's mortgage so as to make it a prior mortgage to that of appellant. This contention is based on the assumed fact that the bank was appellant's agent. We cannot agree with this contention, as there was no relation of trust or confidence existing between them other than as heretofore stated. There is no evidence in the record that the bank undertook to collect appellant's debt from the Pollards, but only to receive such payments as the Pollards might make to it for this purpose, to credit same on the note, and deposit same to appellant's credit. There was no recognition of appellant's mortgage in the instrument herein foreclosed on behalf of the interveners. They bought and took an assignment from the bank without any actual knowledge of appellant's rights. The fact that one or more of them were officers in the bank can make no difference as to their rights. They paid the debt, took an assignment of the note and mortgage to themselves, and are third parties within the meaning of the statute heretofore mentioned. The court correctly decreed them a prior lien upon said land. The decree of the court is correct and must be affirmed.

JOHNSON, C. J., disqualified and not participating.